O

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 04-44640-H2-13 |
| CYNTHIA B. GUENTHER | § | |

**MEMORANDUM OPINION DENYING**
**MOTION TO DISMISS THE STATE OF TEXAS (doc. #28)**

The State of Texas ("the State") filed a motion to be dismissed from this case alleging sovereign immunity under the Eleventh Amendment of the United States Constitution. As set forth below, the Court concludes that *Tennessee Student Assistance Corp. v. Hood*, 124 S.Ct. 1905 (2004) and *Hickman v. State of Texas (In re Hickman),* 260 F.3d 400, 406-07 (5th Cir. 2001) resolve the issue. Therefore, by separate order issued this date the motion is denied.

UNCONTESTED FACTS

The facts are not disputed. The Debtor issued bail bonds. Under those bonds, the Debtor is obligated either (i) to produce the defendant for trial at the appointed time, or (ii) to pay a sum of money if the defendant does not appear for trial.

Although the State argues that actions to enforce a bail bond are criminal matters in Texas, there is no allegation that the Debtor has committed, or is even accused of having committed, any crime. Before filing the chapter 13 bankruptcy case, the Debtor was properly authorized to engage in the business of, and engaged in the business of, issuing bail bonds. The Debtor merely signed a document that promises to produce a criminal defendant for trial or to pay a penalty if she did not.

The Debtor has stated that she will attempt to produce those defendants for trial, but that if she does not, then the penal sum under the bond will be treated as an unsecured claim in her bankruptcy case, to be paid *pari passu* with other unsecured claims.

THE STATE'S LEGAL ARGUMENT

The dispute is postured in a very awkward way.[1] The State's motion (docket # 28) is a motion to "dismiss" the State from the bankruptcy case. But it is clear that the thrust of the motion is to seek an adjudication that there is no federal bankruptcy jurisdiction over the obligations created by the bail bonds issued by this Debtor, and that the Debtor's obligation under the bail bonds cannot be discharged.

Proceedings to object to discharge or to seek declaratory judgments must be brought as adversary proceedings, Federal Rules of Bankruptcy Procedure (FRBP) 7001. The State did not bring this matter as an adversary proceeding, but as a contested matter. The difference is the formality of service of summons, procedures for answer, and pretrial procedures. No party objected to adjudication of the issue as a contested matter, and there is no need for complex pretrial proceedings. The issue is essentially a legal issue, without significant issues of fact. Therefore the Court views the formalities of an adversary proceeding as waived and adjudicates the issues raised in this contested matter.

JURISDICTION

The State's argument under the Eleventh Amendment is discussed in more detail below. Reserving that question, the Court concludes that it would otherwise have jurisdiction over the subject matter, and that it has jurisdiction to determine its jurisdiction.

This is a contested matter, a civil proceeding, arising in a case under title 11 and arising under title 11 of the United States Code. The United States District Court has jurisdiction under 28 U.S.C. § 1334(b). By Order dated August 9, 1984, superceded by General Order 2005-6 on March 10, 2005, under authority granted by 28 U.S.C. § 157(a), the United States District Court for the Southern District of Texas referred all such proceedings to the bankruptcy judges for the district.

Bankruptcy Code § 101(5) defines "claim" to mean a

> ... right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured ... or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such

---

[1] As indicated below, the State postures the dispute in this way because it wants the Court to decide the issue purely on constitutional issues without further participation in the case in a way that might waive sovereign immunity. The State has lost a virtually identical issue in *Hickman* and the State indicated that it has lost this identical issue in two other bankruptcy courts. The latter opinions are not addressed here.

right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured ...

Bankruptcy Code § 101(12) defines "debt" to mean "... liability on a claim."

Bankruptcy Code § 1328 provides that if the Debtor completes a chapter 13 plan, then the bankruptcy court must issue a discharge of all debts provided for in the chapter 13 plan.[2] Discharge is not only a matter "arising under" the Bankruptcy Code, it is a core matter that is assigned to bankruptcy courts for adjudication by 28 U.S.C. § 157(b)(2)(I).

Absent exclusion by the Eleventh Amendment, therefore, this matter would be clearly within federal bankruptcy jurisdiction and would be assigned to the bankruptcy court for adjudication.

### THE ELEVENTH AMENDMENT OF THE CONSTITUTION

The Interaction Between Discharge and the Eleventh Amendment

The Supreme Court has held that the Eleventh Amendment does not *per se* preclude discharge of debts to a state.

> "A bankruptcy court's *in rem* jurisdiction permits it to 'determine all claims that anyone, whether named in the action or not, has to the property or thing in question. The proceeding is one against the world'."[3] The discharge of a debt by the bankruptcy court is an *in rem* proceeding.[4]

However, *Hood* also states that,

> This is not to say, "a bankruptcy court's *in rem* jurisdiction overrides sovereign immunity," *United States v. Nordic Village,*

---

[2] The requirements for confirmation of a plan are set out in Bankruptcy Code § 1325 and are not at issue here. The State clearly indicated at the hearing that it was first going to try to avoid involvement in this case under authority of the Eleventh Amendment of the Constitution, and if it lost that argument, then it would participate in the case by asserting its position with respect to the requirements for confirmation of a plan or other statutory rights.

[3] *Tennessee Student Assistance Corp. v. Hood*, 124 S.Ct. 1905, 1911 (2004) (*citing* 16 J. Moore, et. al., *Moore's Federal Practice* § 108.70[1] (3d ed. 2004)).

[4] *Id.* at 1910.

>*Inc.*, 503 U.S. 30, 38, 112 S.Ct. 1011, 117 L.Ed2d 181 (1992),...but rather that the court's exercise of its *in rem* jurisdiction to discharge a student loan debt is not an affront to the sovereignty of the State. Nor do we hold that every exercise of a bankruptcy court's *in rem* jurisdiction will not offend the sovereignty of the State.[5]

The State's Argument to Distinguish *Hood*

The State contends that the Eleventh Amendment bars the Court from exercising jurisdiction because bond forfeiture proceedings are criminal in nature under Texas law and that any attempt by the Court to alter, cancel, discharge or otherwise consider these debts is an affront to the State's sovereignty.

The State of Texas made the same argument in *Hickman v. State of Texas (In re Hickman),* 260 F.3d 400 (5th Cir. 2001). But the Court of Appeals for the Fifth Circuit, held that "under the present structure of the Texas bail bond system the role of the surety is essentially contractual."[6]

The facts of the *Hickman* case are almost identical to the instant case. Both involve bond forfeitures and their treatment in bankruptcy. The difference lies in the argument asserted by the State to try to avoid discharge of the debt. In *Hickman*, the State of Texas argued that the bond forfeiture debts were non-dischargeable under 11 U.S.C. § 523(a)(7) which exempts debt to the extent it is for "a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit," whereas, in the instant case, the State is arguing the Court has no jurisdiction over the subject matter or over the State.[7]

However, contrary to the State's characterization that bond forfeiture debts are an affront to the state sovereignty, the Fifth Circuit in *Hickman* stated that when there is a default under a bail bond, "the State merely seeks a money judgment as damages for breach of contract against the obligor on the bond."[8]

The State argues that because bond forfeitures are handled by Texas' criminal courts and are addressed in the criminal statutes, the matters are criminal in nature. Presumably the <u>criminal</u>

---

[5]*Id.* at 1913 n.5.

[6] *Id.* at 406.

[7]*Id.* at 402-03.

[8]*Id.* at 402.

defendant's obligation to appear for trial is outside of bankruptcy court jurisdiction, whether the decision was based on the Eleventh Amendment, § 523(a)(7), or the definition of "claim" and "debt". But the fact that the State of Texas finds it efficient, logical, and economical to exercise its jurisdiction over commercial sureties in its criminal statutes and criminal courts does not change the character of the surety's obligation. *Hickman* holds that the surety's obligation is a claim for breach of contract.

## CONCLUSION

*Hickman* holds that the State's claim against the Debtor under a bail bond is a monetary claim. *Hood* holds that discharge of a monetary claim is an *in rem* proceeding that does not offend the Eleventh Amendment. Therefore discharge of a claim on a bail bond against a person who is not a criminal defendant does not offend the Eleventh Amendment of the Constitution.

SIGNED   April 22, 2005

_____
WESLEY W. STEEN
UNITED STATES BANKRUPTCY JUDGE